DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), [1] stating that Plaintiff failed to appeal within the 90 days required by ORS 305.280(2).[2]
A telephone case management was held March 9, 2010. The parties and the court reviewed Defendant's Answer. At the conclusion of the telephone conference, Defendant agreed to submit additional information in support of its motion to the court and Plaintiff. Defendant's additional information was filed on March 12, 2010.
Defendant wrote that Notices of Determination and Assessment (Notices), dated January 13, 2009, for Plaintiffs failure to file returns for January through June and September and October 2006 were mailed to Plaintiff at: 1950 Northcrest Drive, Space 18, Crescent City, California 95531. (Def's Ltr at 1, Mar 12, 2010.) Notices dated January 13, 2009, for Plaintiff s failure to file returns for November and December 2005 were mailed to Plaintiff at: 780884 Ferry Canyon Road, General Delivery, Condon, Oregon 97823. (Id.) *Page 2 
Defendant states that because Plaintiff's Complaint was filed on February 10, 2010, "[t]he appeal was not made timely. The appeal was received more than 90 days after the notice dates. * * * The Department requests the case be dismissed for lack of jurisdiction." (Id.)
Plaintiff filed a response to Defendant's March 12, 2010, letter on March 23, 2010. Plaintiff wrote that she paid the assessed taxes for September 2006 and October 2006 on March 12, 2010. (Ptf's Ltr at 3, Mar 23, 2010.) She wrote that she did not purchase cigarettes other than in September 2006 and October 2006. (Id.) Plaintiff wrote that "with the help of my son's computer" she sent an email appeal to Hassie Davis on April 7, 2009. (Id.) She stated that her "appeal" was "with in 90 days" of the dates the Notices were mailed. (Id.) Plaintiff wrote that she "never got mail at that address [780884 Ferry Canyon Road, General Delivery, Condon, OR 97823] [and] lived there 3 wks, as no water, $500.00 mo. heat bills [and] overrun by rattlesnakes forced us to move." (Id.)
Defendant filed a response to Plaintiff's March 23, 2010, letter on April 6, 2010. Defendant wrote in response to Plaintiff's assertion that Plaintiff sent an email to Hassie Davis on April 7, 2009, that "Ms. Davis does not have a copy of that e-mail." (Def's Ltr at 1, Apr 6, 2010.) Defendant wrote in response to Plaintiff's assertion that she never received mail at the address listed for Condon, Oregon, that the Notices "were sent to `General Delivery' in Condon, which, I believe, means the mail is to be picked up at the post office, not sent to the street address. Per Oregon law, the Notices of Determination and Assessment were sent to the last known address." (Id.)
Defendant wrote that the Notices were issued to Plaintiff on January 13, 2009. (Def's Ltr, Mar 12, 2010.) Defendant provided printouts of "BILLING NOTICE INFORMATION" for each of the Notices, showing that each Notice was mailed to Plaintiff on January 13, 2009, at the *Page 3 
addresses cited in Defendant's March 12, 2010, letter. (Id. at 3-12.) Plaintiff provided no evidence to show that the address used by Defendant was not her last known address at the time Defendant sent the Notices. Plaintiff admits that she resided at both addresses where the Notices were sent.
Plaintiffs Complaint was postmarked February 9, 2010. That interval is longer than the 90 days allowed by ORS 305.280(2), which provides:
 "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
The court is not aware of any circumstances that extend the statutory limit of 90 days. Appeals must be filed with the Oregon Tax Court, not the Oregon Department of Revenue, within the statutory limit of 90 days. ORS 305.280. Plaintiffs unsubstantiated email sent to the Oregon Department of Revenue does not meet the statutory requirement of filing a timely appeal with the Oregon Tax Court.
It is unfortunate if, as Plaintiff asserts, she did not make the cigarette purchases and is now being assessed a tax. The court must follow the law. Plaintiffs appeal was not timely filed with the court. Defendant's motion is granted. Now therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted. Plaintiffs Complaint is dismissed.
Dated this ___ day of April 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Presiding Magistrate Jill A.Tanner on April 28, 2010. The court filed and entered this Decisionon April 28, 2010.
[1] Defendant moved to dismiss as part of its Answer filed February 16, 2010.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.